

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

PATRIC LEON CHELF, §
 §
 Petitioner, §
 §
v. § No. 4:19-CV-233-A
 §
THE STATE OF TEXAS, et al., §
 §
 Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

Petitioner, Patric Leon Chelf, is a state parolee.[1] He has filed a pleading entitled "Writ of Habeas Corpus/Federal Rules of Civil Procedures Rule 60(b)(4)" and named the State of Texas as respondent. The pleading is construed as a petition for a writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254.[2] Having reviewed the petition, the court finds that it should be dismissed as an unauthorized successive habeas petition. No service has issued upon respondent.

### I. Factual Background

Petitioner challenges his 1997 conviction in the 297th District Court of Tarrant County, Texas, Case No. 0583904D, for aggravated sexual assault of a child under 14 years of age for

---

[1] Telephonic communication with the parole division of the Texas Department of Criminal Justice confirmed that petitioner was released on parole on September 18, 2018.

[2] To the extent petitioner attempts to characterize the petition as a rule 60(b) motion, it is properly construed as a second or successive habeas petition under § 2254. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

which he was sentenced to 99 years' confinement. (Pet. 1, doc. 1.) In 2012 petitioner challenged the same state-court conviction in a prior § 2254 petition, which was dismissed as time-barred under the federal statute of limitations. *See* Pet., Chelf v. Thaler, No. 4:12-CV-433-A, doc. 11.[3] In this petition, petitioner attacks his 1997 conviction on new constitutional grounds.

## II. Successive Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[4] The Court of Appeals for the Fifth Circuit recognized the district courts'

---

[3]The court takes judicial notice of the record in petitioner's prior habeas action.

[4]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

> Rule 4 of the Rules Governing Section 2254 Cases provides:
> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

2

authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

Title 28 U.S.C. § 2244(b) provides that a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was not presented in a prior petition must be dismissed unless—

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2). Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3)(A).

From the face of this petition, it is apparent that this is a successive petition, and petitioner has not alleged or demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). Without such authorization, this court is without

3

jurisdiction to consider the petition. *See Kutzner v. Montgomery Co.*, 303 F.3d 339, 339 (5th Cir. 2002); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999).

For the reasons discussed herein,

It is ORDERED that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed without prejudice as an unauthorized successive petition. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED March __27__, 2019.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE